Michael R. Minkoff, Esq.
Bar No.: 084112013
JOSEPH & NORINSBERG, LLC
110 East 59th Street, Suite 3200
New York, New York 10022
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN CASTILLO, on behalf of himself, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>URBAN CITY DESIGNS, INC., and ANDREW DOMINGUEZ,<br><br>Defendants. | Civil Action No.: 23-cv-1216<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>**Class and Collective Action** |

Plaintiff Juan Castillo ("Mr. Castillo" or "Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, JOSEPH & NORINSBERG, LLC, as and for their Complaint against Urban City Designs, Inc. ("UCD") and Andrew Dominguez ("Mr. Dominguez") (collectively "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; (ii) the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56(a), *et seq.*, as amended by the New

1

Jersey Wage Theft Act ("NJWTA"); (iii) the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. § 34:11-4.1, *et seq.*; and, (iv) any other cause(s) of action that can be inferred from the facts set forth herein.

## **PRELIMINARY STATEMENT**

2.  Defendants own and operate a commercial custom stonework, tile and mosaic backsplash fabrication and installation business. Defendants hold themselves out as designing, fabricating and installing custom-ordered tiles, mosaics and backsplashes.

3.  As discussed more fully below, Defendants regularly required Plaintiff to work between forty-five and fifty-five hours per week, yet Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate(s) of pay. Instead, in a deliberate attempt to circumvent federal and state labor laws and exploit their workforce, including Plaintiff, Defendants implemented a uniform, company-wide policy to only pay Plaintiff and others similarly situated at their straight-time rates of pay for all hours worked.

4.  Accordingly, Plaintiff bring this action to remedy Defendants' violations of the FLSA, NJWHL and NJWPL.

5.  Plaintiff therefore brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

6.  Similarly, Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NJWHL and NJWPL limitations period who

suffered damages as a result of the Defendants' uniform and systemic violations of the NJWHL and the NJWPL.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising out of New Jersey law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

*Plaintiff*

9. At all times herein Plaintiff worked for Defendants in New Jersey and was an "employee" entitled to the protections as defined in the FLSA.

10. At all relevant times herein, Plaintiff worked for Defendants in New Jersey and was an "employee" entitled to the protections as defined in the NJWHL and NJWPL.

11. Plaintiff was employed by Defendants as a construction laborer in New Jersey.

*Defendants*

12. At all relevant times herein, Defendant UCD was and is a New Jersey domestic profit corporation, with a principal place of business located at 2907 Central Avenue, Union City, New Jersey 07087.

13. At all relevant times Defendant Andrew Dominguez is the owner, operator and manager of UCD who had and exercised discretion to set UCD's terms and conditions of

employment for all workers, controlled its payroll policies, and implemented and enforced all workplace rules, including the unlawful practices complained of herein.

14. Defendant UCD was and is engaged in the business of producing and installing custom stonework, tiles and mosaics.

15. At all relevant times herein, Defendants exercised control over the terms and conditions of Plaintiff's employment, in that Defendants had and exercised the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including the Plaintiffs herein; and (v) otherwise affect the quality of the employees' work conditions and employment.

16. Additionally, at all relevant times, Defendants' qualifying annual business exceeded $500,000.00, Defendant employed two or more people, and was engaged in interstate commerce within the meaning of the FLSA by ordering supplies from vendors that originated out of state and traveled across state lines in furtherance of its business operations such as stones, tiles, mortar, and various other construction-related products. Moreover, Defendants accepted credit card payments pursuant to agreements with out-of-state merchants, and accepted cash from customers which naturally moved across state lines. The combination of the foregoing which subjects the Defendants to the FLSA's overtime requirements.

17. Accordingly, Defendant was and is the "employer" of Plaintiff within the meaning of the FLSA, NJWHL, and NJWPL.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former construction laborers and/or employees who, during the applicable FLSA limitations period, performed any work for any of the Defendants, and who consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them; and/or (2) liquidated damages that are legally due to them ("FLSA Plaintiffs").

19. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subjected to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

20. At all relevant times, Defendants have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully have chosen not to do so.

21. The precise number of FLSA Plaintiffs should be readily available from a review of the Defendants' personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

22. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

23. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on their own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NJWHL and the NJWPL.

24. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former construction laborers and/or employees who performed any work for Defendants during the statutory period within the State of New Jersey ("Rule 23 Plaintiffs").

25. All of the requirements under FRCP(b)(3) are satisfied, as set forth below.

### Numerosity & Ascertainability

26. During the applicable NJWHL and NJWPL limitations period, the Defendants have, in total, employed at least 40 employees that are putative members of this class.

27. The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendants' personnel, time, and payroll records.

### Common Questions of Law and/or Fact

28. There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Defendants compensated Rule 23 Plaintiffs with overtime pay at their regular rates of pay or at time and one-half their regular rates of pay for all hours worked over forty in a week; (4) whether the Defendants compensated Rule 23 Plaintiffs for all hours of work; (5) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday

containing the information required by the NJWTA; (6) whether the Defendants kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (7) whether the Defendants kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (8) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NJWHL and NJWPL; and (10) if so, what constitutes the proper measure of damages.

### **Typicality of Claims and/or Defenses**

29. As described in the "Background Facts" section below, the Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NJWHL and NJWPL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants as construction laborers in New Jersey; Defendant failed to pay them time and one-half their regular rates of pay for all hours worked beyond forty in a week; and Defendant did not provide them with accurate wage statements on each pay day. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NJWHL and NJWPL to be paid overtime wages whenever their workweeks exceeded forty in a week, and to be furnished with accurate wage statements on each payday.

30. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NJWHL and NJWPL. Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation and/or untimely compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

31.     Plaintiff, as described below, worked the same or similar job duties as a construction laborer as the Rule 23 Plaintiffs throughout their employment with Defendants.  Defendants did not pay Plaintiff time and one-half his regular rate of pay for all hours worked over forty in a week, instead choosing to pay him only at his straight-time rate of pay for all hours. Defendants also failed to furnish Plaintiff with accurate wage statements on each payday. This is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

32.     Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

33.     Additionally, Plaintiff's counsel, Joseph & Norinsberg, LLC ("J&N"), has substantial experience in the field of employment law.  J&N is a well-respected litigation firm that represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims among others.  J&N is dedicated to its clients, working tirelessly to achieve the best outcome for them, sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiff's counsel has handled hundreds of employment cases in federal districts courts, including dozens of Rule 23 class actions and FLSA collective actions.  Accordingly, Plaintiff's counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

**Superiority**

34. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

35. Plaintiff has no material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

36. Any lawsuit brought by any other construction laborer and/or employee based in New Jersey and employed by Defendants would be identical to a suit brought by any other such employee for the same violations. Thus, separate litigation would risk inconsistent results.

37. Accordingly, this class action is superior to any other method for protecting Rule 23 Plaintiffs' rights, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

38. Plaintiff worked for Defendants from 2013 until July 7, 2022 as a construction worker.

39. Defendants assigned Plaintiff to work as a construction laborer on various job sites throughout New Jersey.

40. In his capacity as a construction laborer, Plaintiff's primary duties included *inter alia*: (i) painting; (ii) hanging sheetrock; (iii) ceramic work installation; (iv) molding installation; (v) door installation; and (vi) hanging building siding.

41. Throughout his employment, Plaintiff routinely worked between forty-five and fifty-five hours per week.

42. Plaintiff was paid $31.00 per hour by Defendants.

43. Despite working between five and fifteen hours of overtime per week during virtually all weeks of his employment, Defendants never paid Plaintiff at the rate of one and one-half times his regular rates of pay (i.e., $46.50 per hour), for any of the hours he worked beyond forty in a week.

44. By way of example only, during the week of May 9, 2022 through May 15, 2022, Defendants required Plaintiff to work, and Plaintiff did in fact work, the following schedule, without any uninterrupted break in any day, for a total of approximately fifty hours of work:

Monday, May 9, 2022: 9:00 a.m. to 6 p.m. – 9 hours;

Tuesday, May 10, 2022: 9:00 a.m. to 7 p.m. – 10 hours;

Wednesday, May 11, 2022: 9:00 a.m. to 6 p.m. – 9 hours;

Thursday, May 12, 2022: 9:00 a.m. to 5 p.m. – 8 hours;

Friday, May 13, 2022: 9:00 a.m. to 6 p.m. – 9 hours;

Saturday, May 14, 2022: 9:00 a.m. to 2 p.m. – 5 hours;

Sunday, May 15, 2021: off

45. During that same week, Defendants paid Plaintiff at the rate of $31.00 per hour for each of his fifty hours worked. Defendants never paid Plaintiff one and one-half his regular rate, i.e., $46.50 per hour, for any of the ten hours that he worked beyond fifty that week.

46. To conceal their wrongdoing, Defendants failed to issue Plaintiff weekly wage statements that accurately disclosed the number of hours he worked or his overtime rate of pay in violation of the NJWPL. Specifically, since Plaintiff's wage statements failed to record the number of overtime hours he actually worked and made no mention of compensation at the mandatory rate for overtime hours, Plaintiff's wage statements were plainly insufficient as a matter of law.

47. Indeed, despite requiring Plaintiff and others similarly situated to punch-in and punch-out for all of their working time, Defendants willfully failed to provide any wage statement listing their actual hours worked, instead paying Plaintiff via a cash-delivery app, "Zelle," despite knowing fully that failing to pay overtime was in direct violation of the FLSA, NJWHL, and NJWPL.

48. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described above.

49. Each hour that Plaintiff and FLSA Plaintiffs worked was for the Defendants' benefit.

50. Defendants acted in the manner describe herein so as to minimize their overhead while unlawfully maximizing profits.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

51. Plaintiff and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

53. As described above, Defendants are "employers" within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

54. Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

55. Defendants willfully violated the FLSA by intentionally concealing Defendants' pay practices through refusing to issue any wage statements at each pay day and instead by paying Plaintiff and FLSA Plaintiffs using a cellphone based "app" to send cash without providing any summary of the hours worked.

56. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NJWHL and NJWPL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. The NJWHL, N.J.S.A. § 34:11-56(a) *et seq.*, and the NJWPL, N.J.S.A. § 34:11-4.1, *et seq.*, requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

60. Moreover, the NJWPL requires employers to pay their employees all wages earned on a timely basis, and to provide an accurate, timely statement to employees on each pay day listing, *inter alia*, their actual hours worked and actual overtime wages received.

61. Defendants are an "employer" within the meaning of the NJWHL and the NJWPL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-into this action are "employees" within the meaning of the NJWHL and the NJWPL.

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-into this action worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NJWHL's and the NJWPL's requirements.

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay, or one and one-half the minimum wage rate, if greater.

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-into this action are also entitled to 200% liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NJWHL and NJWPL.

## **DEMAND FOR A JURY TRIAL**

65. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New Jersey laws;

  b. Preliminary and permanent injunctions against Defendants and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NJWHL and NJWPL as a class action pursuant to FRCP 23;

  f. Designation of Plaintiff and their counsel as class/collective action representatives under the FRCP and the FLSA;

  g. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

  h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NJWHL/NJWPL, including 200% liquidated damages under New Jersey law;

     i.     Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

     j.     Awarding Plaintiffs with a service award for their role as class action representatives and in recognition for their dedication to the Rule 23 Plaintiffs and their willingness to come forward as the lead Plaintiff on behalf of the FLSA Plaintiffs and Rule 23 Plaintiffs;

     k.     Pre-judgment and post-judgment interest, as provided by law; and,

     l.     Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Date:  New York, New York
         March 2, 2023

Respectfully submitted,

JOSEPH & NORINSBERG, LLC

By: _____
Michael R. Minkoff, Esq.
110 E. 59tth Street, Suite 3200
New York, New York 10022
(212) 227-5700
*Attorneys for Plaintiffs*