**Joseph & Norinsberg LLC**
Fighting for Employee Justice

Manhattan Office
110 East 59th Street, Suite 3200
New York, New York 10022

Queens Office
69-06 Grand Avenue, 3rd Floor
Maspeth, New York 11378

Boston Office
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

Michael R. Minkoff, Esq.
michael@employeejustice.com

October 4, 2023

***Via ECF Only***
The Honorable Julien Xavier Neals
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

      Re: ***Castillo v. Urban City Designs, Inc., et al;***
           **2:23-cv-01216-JXN-ESK**

Dear Judge Neals:

      We represent the Plaintiff in the above-referenced Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL") action. We submit this letter motion, pursuant to the Court's August 14, 2023 Order (Dkt. No. 12), to respectfully request entry of default judgment and damages in Plaintiff's favor.

**I.**     **BACKGROUND FACTS AND PROCEDURAL HISTORY**

      Plaintiff commenced this action to remedy Defendants' violations of FLSA, NJWHL, the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPA").[1] For a detailed recitation of the procedural history relevant to this motion, Plaintiff respectfully refers the Court to the Declaration of Michael R. Minkoff, Esq. ("Minkoff Decl."), submitted contemporaneously herewith. For a recitation of the facts underlying the claims and damages arising out of this case, Plaintiff respectfully refers the Court to the Declaration of Juan Castillo ("Castillo Decl."), as well as the Complaint ("Compl.," Dkt. No. 1). In brief, Plaintiff worked for Defendants from 2013 until July 7, 2022 as a construction worker on various job sites throughout New Jersey. Decl. of Juan Castillo ("Castillo Decl."), ¶¶ 3-10. Plaintiff frequently worked overtime, Castillo Decl., ¶¶ 15-17, 23-31, but Defendants never paid him any overtime pay. Castillo Decl., ¶¶ 16-17. On August 7, 2023, the Clerk issued an Entry of Default as to Defendants. As Defendants' time to answer or otherwise respond to the Complaint has expired, and as the Clerk has issued an Entry of Default, Plaintiff now moves for a default judgment and damages pursuant to Fed. R. Civ. P. 55(b).

---

[1] Plaintiff does not seek entry of judgment against Defendants for his NJWPA claim.

## II.  ARGUMENT

### A.  The Court Has Personal Jurisdiction and Subject-Matter Jurisdiction.

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). When a defendant is in default, factual allegations in a complaint will be treated "as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). And where a party has been duly served, personal jurisdiction is confirmed when demonstrated by service and the defaulting defendant's failure to appear. *Id.*, 2010 WL 2696459, at *1-2. Here, Defendants live in, operate their business within, and were duly served within the state of New Jersey. Dkt. No. 1, Compl., ¶¶ 12-16; Dkt. Nos. 4, 5; Minkoff Decl., ¶ 5. Moreover, after service, Defendant Dominguez even attempted to file a *pro se* motion with the Court. *See* Dkt. No. 6. And after the Court rejected Defendant's motion, undersigned counsel communicated with Defendants - - both by email and phone - - regarding Defendants' default and risk of entry of judgment against them. *See* Minkoff Decl., ¶¶ 6-18.[2] The Court therefore plainly has personal jurisdiction over Defendants. In addition, the Court has both original subject-matter jurisdiction and supplemental jurisdiction over Plaintiff's claims. Federal question jurisdiction lies pursuant to 28 U.S.C. § 1331, as Plaintiff's principle claim arises under the FLSA, 29 U.S.C. § 201 *et seq.*; supplemental jurisdiction lies over Plaintiff's New Jersey state law claims under 28 U.S.C. § 1367, as his NJWHL claims arise from the same nucleus of operative facts as those underlying his FLSA claims. *Delgado v. Auto Gallery LLC*, 2021 WL 5864064, at *2 (D.N.J. Dec. 10, 2021) (granting default judgment on FLSA and NJ claims).

### B.  Defendants are Liable to Plaintiff under the FLSA and NJ Law.

The FLSA establishes a federal overtime guarantee that cannot be modified or abrogated by contract. *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). The FLSA requires employers to "pay one and one-half times the employer's regular wage for hours worked in excess of forty hours per week." *Id*. (citing 29 U.S.C. § 207). An employer that violates that requirement is liable in the amount of the unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." *Id*. (citing 29 U.S.C. § 216(b)). To succeed, the employee must "'prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference.'" *Delgado*, 2021 WL 5864064, at *2 (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). To state a claim, the plaintiff need only allege forty hours of work "in a given workweek as well as some uncompensated time in excess of the [forty] hours.'" *Id.* at *2 (quoting *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). The NJWHL is analyzed as a "mirror" to its federal counterpart. *Brown v. Apothaker & Assocs., P.C.*, 2018 WL 1605148, at *2 (D.N.J. Apr. 3, 2018).

To prevail in an action for unpaid wages under the FLSA, an employee has the burden to show that he performed work for which he was improperly compensated. *Anderson v. Mt. Clemens*

---

[2] Defaulting Defendants are not infants, otherwise incompetent, or presently engaged in military service. *See Baymont Franchise Sys., Inc. v. R S Hosp., LLC*, 2018 WL 3410031, at *2 (D.N.J. July 12, 2018); *Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, 2018 WL 1027446, at *5 (D.N.J. Feb. 23, 2018).

*Pottery Co.*, 348 U.S. 680, 686-87 (1946). However, federal law requires the employer to maintain records of employees' wages, hours, and other conditions of employment. 29 U.S.C. § 211. If the records kept by the employer are inadequate, inaccurate, or absent altogether, an employee bringing claims under the FLSA can sustain his burden by giving the fact-finder "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 348 U.S. at 686-87. An employee can sustain this "through estimates based on his own recollection." *Santiago v. Lucky Lodi Buffet Inc.*, 2016 WL 6138248, at *3 (D.N.J. Oct. 21, 2016); *see also Alvarez v. Millenium Tree Serv. & Landscaping Design, Inc.*, 2013 WL 5536193, at *3 (D.N.J. Oct. 7, 2013) (adopting plaintiffs' statements about unpaid wages upon default). The NJWHL also requires employers to maintain records for their employees. N.J.S.A. § 34:11–56a20 ("Every employer of employees subject to this act shall keep a true and accurate record of the hours worked and the wages paid by him to each[.]"). Because the NJWHL overtime and record-keeping rules are modeled after "their analogous Fair Labor Standards Act regulations, judicial interpretations construing FLSA are applicable." *Crisostomo v. Exclusive Detailing, Inc.*, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010).

Here, the Complaint, Plaintiff's declaration, and the exhibits attached thereto detail the actual hours Plaintiff worked between January 2020 and the end of his employment, and the approximate number of hours Plaintiff worked before that period, while setting forth the compensation Plaintiff received throughout his employment. *See* Compl., Dkt. No. 1, ¶¶ 38-48; Castillo Decl., ¶¶ 15-31. By defaulting, Defendants concede the allegations in the Complaint, present no records or evidence to the contrary, and Plaintiff has therefore met his burden under both the FLSA and the NJWHL. A default judgment based on Plaintiff's recollection and evidence as to his hours worked and rate of pay is appropriate. Indeed, as set forth in Plaintiff's unrebutted declaration, Defendants employed Plaintiff as a construction laborer, paying Plaintiff at the base rate of $29.00 per hour (most recently) despite working over forty hours weekly throughout his employment. *See* Compl., Dkt. No. 1, ¶¶ 41-46; Castillo Decl., ¶¶ 18-31. Plaintiff's allegations are undisputed by Defendants, and therefore Defaulting Defendants fail to refute Plaintiff's claims.

Defendant Dominguez is similarly liable to Plaintiff, along with Defendant Urban City. That is, under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), a definition that is given a "broad interpretation" to "effectuate the FLSA's liberal, remedial purposes." *Delgado*, 2021 WL 5864064, at *3 (citing *Qu Wang*, 2018 WL 1027446, at *2). Status as an individual employer "depends on control," and relevant factors include whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. (citing *Qu Wang*, 2018 WL 1027446, at *2). Plaintiff's complaint and his declaration both sufficiently establish that Dominguez possessed this authority and control over the pertinent aspects of his employment. *See* Compl., Dkt. No. 1, ¶¶ 12-17; Castillo Decl., ¶¶ 3-14. Plaintiff states that throughout his employment, he reported directly to Dominguez, and that Dominguez was the person who repeatedly asked him to come back to work throughout his tenure. Compl., Dkt. No. 1, ¶¶ 9, 11-12; Castillo Decl., ¶¶ 3-13. Accordingly, Defendant Dominguez is liable to Plaintiff jointly and severally along with Defendant Urban City.

### C. Plaintiff is Entitled to Six Years of Liquidated Damages under the NJWHL

Under both the FLSA and NJWHL, employees are entitled to overtime wages at a rate of one and one-half times the employee's regular rate of pay for all hours worked over forty per week. 29 U.S.C.A. § 206(a)(1); 29 U.S.C. § 207(a)(1); N.J.S.A. § 34:11-56(a)(4); N.J.S.A. § 12:56-11.3. The FLSA requires that an action be commenced within two years after the cause of action accrued except that a cause of action arising out of a "willful" violation may be commenced within three years. 29 U.S.C. § 255. Under the NJWHL, which the New Jersey legislature amended effective August 6, 2019, the statute of limitations to pursue a claim is now six years. *Maia v. IEW Constr. Grp.*, 291 A.3d 280, 285 (N.J. App. Div. 2023) ("the Legislature intended to provide . . . [the NJWHL] the same six-year period wherein workers may recover [actual and] liquidated damages. . . measured from the date the suit is commenced.") (internal citations and quotations omitted);[3] *Derieux v. FedEx Ground Package Sys., Inc.*, 2023 WL 349495, at *4 (D.N.J. Jan. 20, 2023) (citing N.J.S.A. 34:11-56a25.1)

Employees who prevail under the FLSA are entitled to an award of liquidated damages equal to the amount of their unpaid wages. 29 U.S.C. § 216(b). Liquidated damages are the norm and are awarded unless the employer can show that its actions were, "in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA. *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 187 (3d Cir. 1988). Where a defendant has "failed to appear, and has not presented any evidence regarding good faith, a court should award liquidated damages to the plaintiff." *See Qu Wang*, 2018 WL 1027446, at *5. "Liquidated damages are presumed for an FLSA overtime violation" absent a showing of good faith. *Saiyed v. Archon, Inc.*, 2021 WL 3561219, at *2 (D.N.J. Aug. 11, 2021) (citing *Sec'y U.S. Dept. of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 433 (3d Cir. 2017)).

Under the NJWHL, an aggrieved plaintiff is similarly entitled to recover liquidated damages, though ***greater*** than under the FLSA: NJWHL plaintiffs can recover for *six years* prior to the action's commencement ***at 200% his actual damages***. Indeed, as the New Jersey Appellate Division held earlier this year, the NJWHL's amendments were meant to provide the "same opportunity" for those aggrieved by a violation of the NJWHL as those subject to the NJWPL's prior six-year statute of limitations and availability of liquidated damages. *Maia*, 291 A.3d at 285-86. That is, when analogizing to another New Jersey Supreme Court's recent decision, the Appellate Division noted how "[a]pplying the law in effect at the time a complaint is filed—even when that law changed the requirements for filing a complaint—is not applying a statute retroactively; it is applying a statute prospectively to cases filed after its effective date." *Id.* at 287 (quoting *W.S. v. Hildreth*, 252 N.J. 506, 522 (N.J. 2023)). In so doing, the Appellate Division held:

> The Legislature[ ] did not tether [the NJWHL's amended] remedies to the ***accrual*** date of an employee's claim. It only prohibited an employee from recovering damages for wages due more than six years prior to the "commencement" of the action, specifically the filing of a complaint in a court of competent jurisdiction. Plaintiffs filed their complaint nearly twenty months after Chapter 212's effective

---

[3] Because the NJWHL's amended six-year statute of limitations period applies to Plaintiff's claim, Plaintiff seeks liquidated damages under New Jersey law, not federal law. Accordingly, Plaintiff need not analyze whether Defendants' wrongdoing was "willful," extending the FLSA's limitations period to three years.

date, and they are entitled to have the court apply the provisions of the WPL and WHL ***as of the date of that filing***.

*Maia*, 291 A.3d at 287 (emphasis added).

Here, Plaintiff describes Defendants' failure to pay all overtime wages owed, alleging the specifics regarding his hours, rates, and job duties. *See generally* Castillo Decl., ¶¶ 10-31. Again, Defendants' default amounts to their conceding liquidated damages. *Qu Wang*, 2018 WL 1027446, at *5. Accordingly, Plaintiff is entitled to six years of liquidated damages against Defendants.

    **D.**     **Plaintiff is Entitled to Overtime Damages Plus Liquidated Damages in the Combined Total Amount of $64,098.90.**

On a motion for a default judgment, a court does not necessarily accept the amount of damages alleged in the Complaint as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the court may enter a default judgment without conducting a hearing upon a showing of specified damages by the plaintiff. *Baymont Franchise Sys., Inc.*, 2018 WL 3410031, at *2 (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Here, Plaintiff's declaration sets forth the specific facts necessary for the Court to accept a showing of damages without the need for a hearing. That is, Plaintiff describes his job duties, his typical hours of work, his rates of pay for the last six years of his employment before commencing this action, and provides detailed documentary evidence reflecting his hours of work. *See* Castillo Decl., ¶¶ 13-31. Using this figures, Plaintiff's counsel submits a calculation of Plaintiff's damages in the Minkoff Declaration, explaining the straightforward math used to calculate the precise amount of damages owed. *See* Minkoff Decl., ¶¶ 22-31. The damages are summarized as follows:

| | |
|---|---|
| <u>Unpaid Overtime Prior to January 2020</u>: | $9,472.14 |
| <u>Unpaid Overtime between January 2020 and July 7, 2022</u>: | $5,969.16 |
| <u>Total Unpaid Overtime Damages</u>: | $15,441.30 |
| <u>Total Unpaid Overtime Plus Liquidated Damages</u>: | $46,323.90 |

    **E.**     **The *Emcasco* Factors Support Entry of Default Judgment**

Once the Court is satisfied that Plaintiff has stated a legitimate cause of action, the Court must also consider three factors when evaluating the motion for default judgment: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The *Emcasco* factors are met here. First, no meritorious defense is evident from the record. Second, Defendants' failure to appear or to file any response to the complaint has prevented Plaintiff "from prosecuting this action and obtaining relief, to his prejudice." *Delgado*, 2021 WL 5864064, at *4 (citing *Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, 2018 WL 1027446, at *3 (D.N.J. Feb. 23, 2018)). Third, Defendants' culpability is inferred from their failure to respond to Plaintiff's claims. *Delgado*, 2021 WL 5864064, at *4. Further, courts have concluded that a default judgment is appropriate where "Defendants failed to obtain

new counsel, failed to attend scheduled hearings, and failed to respond to an Order to Show Cause." *Cotapaxi Custom Design & Mfg., LLC v. Pac. Design & Mfg., Inc.*, 2010 WL 2330086, at *4 (D.N.J. June 8, 2010). Here, Defendant failed at each of these things. *See* Minkoff Decl.,¶¶ 9-19. Thus, the *Emcasco* factors support Plaintiff's entitlement to a default judgment.

### F.      **Plaintiff Is Entitled to Prejudgment and Postjudgment Interest**

In federal question cases, the decisions of whether or not to award prejudgment interest, and which rate of interest to use, are committed to the discretion of the district court. *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986). This Court has found that it can "look to New Jersey Court Rule 4:42–11 for guidance as to the appropriate prejudgment interest rate," and that ultimately, principles of equity are paramount. *Kerns v. Logicworks Sys. Corp.*, 2015 WL 4548733, at *2 (D.N.J. July 28, 2015). While prejudgment interest is not awarded under the FLSA when liquidated damages are awarded, interest is still awarded under the NJWHL, even when awarding liquidated damages. *Morales v. Aqua Pazza LLC*, No. CV 20-6690, 2022 WL 1718050, at *8 (D.N.J. May 27, 2022) (citing *Punter v. Jasmin Int'l Corp.*, 2014 WL 4854446, at *6 (D.N.J. Sept. 30, 2014)). While there is limited case law in this district regarding the date on which prejudgment interest begins to accrue in unpaid wage cases, the Third Circuit has approved of the midpoint when calculating backpay damages. *E.g., Ellis v. Ethicon, Inc.*, 2010 WL 715403, at *8 (D.N.J. Mar. 1, 2010), *aff'd*, 529 F. App'x 310 (3d Cir. 2013) (awarding backpay prejudgment interest at 4% *per annum* from the midpoint of damages accrual). Moreover, courts in nearby districts have calculated prejudgment interest from the midpoint of the plaintiff's damages accrual. *See, e.g., Calle v. Yoneles Enterprises, Inc.*, 2017 WL 6942652, at *18 (E.D.N.Y. Oct. 24, 2017), *rep. & rec. adopted*, 2018 WL 401269 (E.D.N.Y. Jan. 12, 2018) (approving the midpoint proposed by plaintiff as the date on which to begin calculating prejudgment interest); *Fishman Org., Inc. v. Frick Transfer, Inc.*, 2014 WL 3818351, at *2 (E.D. Pa. Aug. 4, 2014) (applying midpoint date of damages accrual for prejudgment interest calculation in non-wage case); *Villegas v. Monica Rest. Corp.*, 2013 WL 4046261, at *4 (E.D.N.Y. Aug. 8, 2013) (awarding plaintiff prejudgment interest on unpaid wages from the midpoint date of the plaintiff's employment period).

Plaintiff should be awarded prejudgment interest on all unpaid wages at a rate of 2.25%, as set forth in New Jersey Court Rule 4:42-11, calculated from the midpoint date of Plaintiff's employment with Defendants within the six-year statute of limitations period. As described *supra*, Plaintiff estimate that he is entitled to damages for unpaid overtime wages in the total amount of $21,366.30. The midpoint date of Plaintiff's employment - - i.e., the intermediate date between March 17, 2017 and July 7, 2022 - - is November 11, 2019. Therefore, prejudgment interest should be calculated from November 11, 2019 through the date on which a judgment is entered in this matter for each Plaintiff based on their respective unpaid wage damages. To the present date, Plaintiff is entitled to $1,354.50 in prejudgment interest, accruing an additional $0.95 per day.[4]

In addition, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered. 28 U.S.C. § 1961(a)). Post-judgment interest is awarded by statute as a matter of law and is automatically added, whether or not the district court orders it. *Dunn v. HOVIC*, 13 F.3d 58, 62 (3d Cir. 1993). Post-judgment interest is calculated by the Clerk of the

---

[4] Plaintiff's overtime damages of $15,441.30 is multiplied by 2.25% equals $347.43, which is then divided by 365 (i.e., the number of days each year) to determine the daily interest rate of $0.95 per day.

Court pursuant to the provisions of 28 U.S.C. § 1961, and is available on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). Post-judgment interest is computed daily and compounded annually. 28 U.S.C. § 1961(b). Accordingly, Plaintiff is entitled to post-judgment interest on all monies awarded by the Court in this action in accordance with the provisions of 28 U.S.C. § 1961, in an amount to be determined by the Clerk of the Court.

### G.   Plaintiff is Entitled to Reasonable Attorneys' Fees and Costs

Both the FLSA and NJWHL provide for an award of reasonable attorneys' fees should the plaintiff prevail in an action to recover unpaid wages. 29 U.S.C. § 216(b); N.J.S.A. § 34:11-56a25. Similarly, Both the FLSA and the NJWHL expressly entitle a prevailing plaintiff to recover costs from the defendant. *See* 29 U.S.C. § 216(b); N.J.S.A. § 34:11-56a25. Here, should the Court grant Plaintiff's request for a default judgment against Defendants, Plaintiff respectfully requests that the Court grant Plaintiff leave to file a separate motion for an award of attorneys' fees to be included within any judgment. Plaintiff will support such a motion by submitting detailed, contemporaneous attorney time records to assess the reasonableness of Plaintiff's attorneys' fees request using the lodestar cross-check method. *Liu v. New Dickson Trading, LLC*, 2023 WL 3736351, at *8 (D.N.J. May 30, 2023) (citing *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 128 (3d Cir. 2017)).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment should be granted in its entirety, with judgment entered in Plaintiff's favor in the following amounts:

1. Unpaid overtime under the FLSA and NJHWL in the amount of $15,441.30;
2. Liquidated damages under the NJWHL in the amount of $30,882.60;
3. Pre-judgment interest under New Jersey Court Rule 4:42-11(a)(iii) in the amount of $0.95 per day from the midpoint date of November 11, 2019 through the date this Court enters judgment; and
4. Reasonable attorneys' fees and costs in the amount to be requested in the forthcoming motion for same.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____
Michael R. Minkoff, Esq.

CC:   Defendants, via Defendant Andrew Dominguez (*via* email)