UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN CASTILLO, on behalf of himself, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>URBAN CITY DESIGNS, INC., and ANDREW DOMINGUEZ<br><br>    Defendants. | Civil Action No. 23-1216 (JXN) (ESK)<br><br>MEMORANDUM OPINION<br><br>&<br><br>ORDER |

**NEALS**, District Judge:

  Before the Court is Plaintiff Juan Castillo's ("Plaintiff") motion for default judgment (ECF No. 14) filed pursuant to Federal Rule of Civil Procedure 55 against Defendants Urban City Designs, Inc. ("Urban City") and Andrew Dominguez ("Mr. Dominguez") (together, the "Defendants"). For the reasons here, the motion for default judgment (ECF No. 14) is **DENIED**.

  1. Granting default judgment is at the discretion of the district court. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citation omitted). The third Circuit has cautioned that in considering motions for default, its "preference" is for cases to "be disposed of on the merits whenever practicable." *Hiritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). "Before imposing the extreme sanction of default," courts determine "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default judgment, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted).

1

2.  Here, Defendants have failed to Answer or respond to Plaintiff's complaint (ECF No. 1) (the "Complaint") by the April 12, 2023, deadline. (ECF No. 11-1 ¶ 9). Defendants have also failed to otherwise "appear[]" in this case. (*Id.* ¶ 12). In reviewing Plaintiff's submissions and the docket, it appears that Defendants' lack of response may be attributed to Mr. Dominguez's inability to retain counsel.

3.  On April 4, 2023, Mr. Dominguez filed a "*pro se* Application for Extension of Time" to respond to the Complaint (*Id.* ¶ 13) that was denied. (*Id.* ¶ 14; *see also* (ECF No. 11-5) at 2). On the same date, a Quality Control Message was entered advising Mr. Dominguez that a corporation like Urban City must be represented by counsel. On June 15, 2023, Mr. Dominguez advised Plaintiff's counsel that he wished to represent himself *pro se* and that he cannot afford counsel. (ECF No. 11-7 at 3). In reply, Plaintiff's counsel advised that Urban City must be represented by counsel. (*Id.* at 9).

4.  It further appears that Mr. Dominguez was ill during the time he was to respond to the Complaint. (ECF No. 11-7 at 3-8). Indeed, Plaintiff's counsel acknowledges that Mr. Dominguez, the principal of Urban City, "had been hospitalized after undergoing kidney surgery," and that he "planned on retaining counsel to represent him and [] Urban City." (ECF No. 8 at 1).

5.  Finally, the parties have expressed a desire to settle this matter. In response to Plaintiff's counsel's offer to engage in settlement discussions, Mr. Dominguez responded "Yes[,] please let's schedule a call." (*Id.* at 2). It is not reflected in the record whether settlement discussions took place.

6.  Based on these facts, the Court does not find that default, "a sanction of last resort" (*Doug Brady, Inc.*, 250 F.R.D. at 177 (citation omitted)), should be entered at this stage. Accordingly, it is hereby,

**ORDERED** that Plaintiff's motion for default judgment (ECF No. 14) is **DENIED without prejudice**; it is further

**ORDERED** that the parties are directed to contact the Magistrate Judge no later than April 18, 2024, to schedule a settlement conference in this matter; it is further

**ORDERED** that should the matter not settle; Mr. Dominguez shall have 30 days from the date of the settlement conference to retain counsel to represent Urban City; it is further

**ORDERED** that upon the filing of an appearance by Urban City's counsel, the Clerk of the Court shall vacate the Entry of Default entered against Defendants on August 7, 2023, and Defendants shall each answer or otherwise respond to the Complaint within 30 days thereafter; it is further

**ORDERED** that should Defendants fail to appear or comply with any of the provisions in this Order, Plaintiff may request that the Clerk of Court enter default, and once entered, file a motion for default judgment for this Court's consideration; and it is further

**ORDERED** that the Magistrate Judge may modify this Order as deemed appropriate in the interest of efficient case management.

DATED: 4/11/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge